CHARLES F. PREUSS (State Bar No. 45783)
BRENDA N. BUONAIUTO (State Bar No. 173919)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
charles.preuss@dbr.com
brenda.buonaiuto@dbr.com

Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL, INC., now
known as ORTHO-McNEIL-JANSSEN
PHARMACEUTICALS, INC.,
and MCKESSON CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KATHLEEN ANDERSON, an individual;
MARY RUTH BAYGENTS, an individual;
LATOYA DUNLAP, an individual; JANE
ENGLAND, an individual; ANQUARLA
HADLEY, an individual; RHONDAGAIL
HOWARD, an individual; MELISSA
ISON, an individual; DOLORES
KICHCART, an individual; JUNE
MCKENZIE, an individual; SHERKIA
MELLERSON, an individual; CHERI
THORNHILL, an individual; KATHRYN
TRUSLOW, an individual;

Plaintiffs,

v.

ORTHO-MCNEIL PHARMACEUTICAL,
INC., a Delaware Corporation;
MCKESSON CORP. and DOES 1-500,
inclusive,

Defendants.

Case No. CV 08 0862

NOTICE OF REMOVAL AND REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) [DIVERSITY]

**TO THE CLERK OF THE COURT:**

Defendant Ortho-McNeil Pharmaceutical, Inc. ("OMP"), now known as Ortho-McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), removes to this Court the state court action described below, based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441(b). As detailed here, the Court should disregard the forum defendant rule because

California resident defendant McKesson Corporation ("McKesson") was fraudulently joined.

## BACKGROUND

1. On October 3, 2007, the Southern California law firms of Law Offices of Khorrami, Pollard & Abir, LLP and Kabateck Brown Kellner LLP, along with the Colorado law firm of Burg Simpson Eldredge Hersh Jardine PC, filed a Complaint in a personal injury action in the Superior Court of California, County of San Francisco, entitled <u>Kathleen Anderson, et al. v. Ortho-McNeil Pharmaceutical, Inc., McKesson Corp., and Does 1-500, inclusive</u>, Case Number CGC-07-467829. A copy of the Complaint in that San Francisco County state court action (the "Complaint") is attached as Exhibit A to the accompanying Declaration of Brenda N. Buonaiuto ("Buonaiuto Dec.").

The 12 plaintiffs in the action include residents of 10 states (Illinois, Texas, Virginia, Georgia, Connecticut, West Virginia, New York, Maryland, Massachusetts, and North Carolina, respectively), who seek damages for "potentially fatal side effects" they allegedly suffered from using the Ortho Evra® contraceptive patch, available only by prescription and manufactured by OMP, now known as OMJPI. (Complaint ¶¶ 1-2, 10-21.) None of the plaintiffs reside in California, where this action was filed, and none of their claims have anything in common, other than that they all allege to have used Ortho Evra®. (Complaint ¶¶ 10-21.) Plaintiffs allege causes of action for Negligence, Strict Liability Failure to Warn, Breach of Express Warranty, Breach of Implied Warranty, Negligent Misrepresentation, and Fraud against OMP, a Delaware corporation with its principal place of business in New Jersey, now known as OMJPI, a Pennsylvania corporation, also with its principal place of business in New Jersey. (Complaint ¶ 22; Buonaiuto Dec. ¶ 3.) Although devoid of any factual allegations against McKesson, plaintiffs' Complaint asserts those same claims against McKesson, a Delaware corporation with its principal place of business in San Francisco, California, whom plaintiffs – all residents of other states – allege "distributed and sold Ortho Evra in and

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NOTICE OF REMOVAL AND REMOVAL     CASE NO.

throughout the State of California." (Complaint ¶¶ 3, 27; Declaration of Greg Yonko, filed in *Abel, Theresa, et al. v. Ortho-McNeil Pharmaceutical, Inc., et al.*, USDC ND CA Case No. C 06 7551 SBA ("Yonko Dec."), attached to the Buonaiuto Dec. as Exhibit B, ¶ 2.)

## BASIS FOR JURISDICTION

2. <u>Basis for Jurisdiction in this Court</u>. This Court has original jurisdiction over this action, and OMP, now known as OMJPI, may properly remove to this Court, because the amount in controversy exceeds $75,000, exclusive of interest and costs and there is diversity of citizenship of all named parties. 28 U.S.C. §§ 1332, 1441(a). Although McKesson is a resident of the forum, the forum defendant rule does not prevent this Court from taking jurisdiction of this action. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006) (holding that forum defendant rule limitation on diversity-based removal jurisdiction is a procedural, or non-jurisdictional, rule). Further, because McKesson was fraudulently joined, that rule should not apply.

   a. <u>Amount in Controversy</u>. Pursuant to California Code of Civil Procedure Section 425.10(b), the amount of damages sought by plaintiffs is not stated in the Complaint. However, the 12 plaintiffs claim that they have *each* "suffered and/or may continue to suffer potentially fatal side effects such as strokes, pulmonary emboli, blood clots, deep vein thrombosis, and heart attacks" from using Ortho Evra®. (Complaint ¶ 1; *see also* ¶ 60, alleging that plaintiffs "were, and/or still are, caused to suffer severe injuries including diminished enjoyment of life, strokes, pulmonary emboli, blood clots, deep vein thrombosis, and heart attacks, as well as other severe permanent health problems.") Plaintiffs further allege that OMP, now known as OMJPI, engaged in "fraudulent" and "reckless" conduct, giving rise to punitive damages claims. (*See e.g.* Complaint ¶¶ 76, 86, 92E, 101, 113.)

   Given the nature of plaintiffs' claims, and a review of damages awards and settlement amounts in this judicial district, in cases involving allegations of serious injuries from the use of prescription drugs or medical devices, it is reasonably believed

that, if plaintiffs succeeded in proving the allegations of the Complaint, they would each recover a minimum of $75,000 in damages. (Buonaiuto Dec. ¶ 10.) Indeed, plaintiffs claiming substantially similar injuries in the Ortho Evra® MDL have specifically alleged that the amount in controversy in their respective actions exceeds $75,000, exclusive of interest and costs. (*Id.*)

It is therefore "facially apparent" from the nature of the claims alleged and the types of damages sought that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (it was "facially apparent" that claim exceeded $75,000 based on plaintiff's "lengthy list of compensatory and punitive damages"); *see also In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *International Padi, Inc. v. Diverlink*, 2005 WL 1635347, *1 (9th Cir. Cal. 2005) (court considered plaintiffs' general allegations of unspecified general and special damages "reasonably believed to be in excess of the jurisdictional limits" of the trial court and their request for injunctive relief to "easily conclude" that the $75,000 amount in controversy requirement was met).

    b. <u>Citizenship of the Parties</u>. There is complete diversity of citizenship between the parties, pursuant to 28 U.S.C. Section 1332. As alleged in the Complaint, plaintiffs are citizens variously of Connecticut, Georgia, Illinois, Maryland, Massachusetts, New York, North Carolina, Texas, Virginia, and West Virginia. (Complaint ¶¶ 10-21.) At the time the state court action was filed, OMP was a corporation existing under the laws of the State of Delaware, with its principal place of business in New Jersey, and is now known as OMJPI, a corporation existing under the laws of the State of Pennsylvania, with its principal place of business also in New Jersey, and McKesson was and is a corporation existing under the laws of the State of Delaware, with its principal place of business in California. (Buonaiuto Dec. ¶¶ 3, 4; Yonko Dec. ¶

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2.)

c. <u>Forum Resident Defendant McKesson has been Fraudulently Joined</u>. Given that the forum defendant rule is procedural – and not jurisdictional – the fact that McKesson has its principal place of business in San Francisco does not prevent removal of this action. *See, Wild Oats, supra.* Further, the Court should disregard the rule, as plaintiffs fraudulently joined McKesson as a "sham" defendant, solely in an effort to invoke the rule and to prevent OMP, now known as OMJPI, from removing the action to federal court and then transferring it to the Ortho Evra® MDL.

A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against the defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."" *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049 (E.D.Cal. 2006), *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder … federal courts may look beyond the pleadings to determine if the joinder … is a sham or fraudulent device to prevent removal"). If revealed that the joinder is fraudulent, the Court may dismiss the sham defendant. *Maffei, supra.* McKesson is so fraudulently joined here.

McKesson is fraudulently joined because plaintiffs have not made any material allegations against it. *See e.g. Brown v. Allstate Insurance*, 17 F.Supp.2d 1134, 1137 (S.D.Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations" against those defendants were made). Here, as demonstrated by the Complaint, plaintiffs' claims are substantively directed against the manufacturer of Ortho Evra® – OMP, now known as OMJPI, and not at McKesson. Indeed, none of plaintiffs' factual allegations, on which all of their causes of action are based, involve McKesson. (*See* "General Allegations" at Complaint ¶¶ 35-50.) Specifically, plaintiffs claim that: OMP obtained FDA approval of Ortho Evra®, despite concerns about its safety; OMP

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

failed to appropriately warn users and prescribing health care providers of the alleged serious risks of using Ortho Evra®; OMP failed to properly or adequately investigate safety concerns about Ortho Evra®; OMP's conduct fell below the duty of care that it allegedly owed to plaintiffs; OMP misrepresented the known risks associated with Ortho Evra®; OMP negligently and recklessly failed to inform the public and prescribing health care providers of the alleged risks of using Ortho Evra®; and OMP was careless and negligent in its manufacturing, testing, selling, distributing, merchandising, advertising, promoting, packaging, and marketing of Ortho Evra®.[1] (*Id.*) Those allegations have everything to do with the claimed acts and omissions of OMP, now known as OMJPI, and nothing to do with McKesson.

The only factual allegations that do relate to McKesson fail to state a claim against that defendant. Plaintiffs allege that McKesson "distributed and sold Ortho Evra in and throughout the State of California," and that McKesson "packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or to inform users regarding the risks pertaining to, and assuaged concerns about the pharmaceutical Ortho Evra." (Complaint ¶¶ 3, 30.) Notably absent is any allegation that plaintiffs or any of them fall within the general class of "users" referenced by plaintiffs' conclusory allegations. Even more telling, plaintiffs do not allege that McKesson distributed or sold Ortho Evra® to any of the 12 of them – none of whom even live in the State of California – or to any of their respective health care providers or pharmacists, much less to all of them. (*See* Complaint.) Further, the Complaint lacks any allegation that McKesson sold or distributed Ortho Evra® outside the State of California, where all of the plaintiffs reside. The absence of such allegations compels the conclusion that plaintiffs fraudulently joined McKesson in an attempt to prevent removal of this action to federal court. *See e.g. Lyons v. American Tobacco Co.*,

---

[1] As detailed in its Answer, filed simultaneously with this Removal, OMP, now known as OMJPI, denies plaintiffs' allegations and denies that it is liable to plaintiffs in any manner or sum whatsoever.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1997 WL 809677 at *5 (S.D. Ala. 1997) (holding that there is "no better admission of fraudulent joinder" than the failure of plaintiff "to set forth any specific factual allegations" against the joined defendant).

In short, plaintiffs fail to allege that they received Ortho Evra® sold or distributed by McKesson, a prerequisite to their product liability claims. It is essential that a plaintiff who claims that a product distributed by defendant was defective must prove that defendant was the distributor. *Garcia v. Joseph Vince Co.*, 84 Cal.App.3d 868, 874 (1978) ("Regardless of the theory which liability is predicated upon ... it is obvious that to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some way responsible for the product"). Notwithstanding, given that the crux of plaintiffs' claims is an alleged failure to warn of the alleged risks of using Ortho Evra®, there is no legal basis for the causes of action asserted against McKesson.

Under California law, McKesson bears no duty to warn. Rather, the "learned intermediary doctrine" provides that the duty to warn of a drug's risk runs from the manufacturer to the physician, and then from the physician to the patient. *See Brown v. Superio Court (Abbott Labs.)*, 44 Cal.3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal.4th 1104, 1116 (1996). The rationale of the learned intermediary doctrine is that the physician is in the best position to determine whether a patient should use a prescription drug, and imposing a duty to warn on others would threaten to undermine reliance on the physician's informed judgment. For this reason, California courts have rejected imposing liability on distributors, including specifically McKesson, for failure to warn of the risks of using a prescription drug. *See e.g. Barlow v. Warner-Lambert Co.*, Case No. CV-03-1647-R(RZx), Slip Op. at 2 (C.D.Cal. April 28, 2003) (attached as Ex. C to the Buonaiuto Dec.) ("the Court finds that there is no possibility that plaintiffs could prove a cause of action against McKesson, an entity which distributed [the prescription medication at issue] to pharmacists in California;" motion to remand denied); and *Skinner v. Warner-Lambert Co.*, Case No. CV-03-1643-R(RZx),

Slip Op. at 2 (C.D.Cal. April 28, 2003) (attached as Ex. D to Buonaiuto Dec.) (same).

Further, McKesson had no involvement in the development or preparation of the prescribing information for Ortho Evra® and did not have any responsibility for the content of other written warnings concerning Ortho Evra®. (Yonko Dec. ¶ 5.) At no time has McKesson had any involvement with the manufacture, development, testing, packaging, labeling, advertising, promotion, or marketing of Ortho Evra®. (*Id.* ¶¶ 6-7.)

It is therefore a mystery why McKesson is named in this case, other than as a "sham" defendant to prevent OMP, now known as OMJPI, from removing the action to federal court and then transferring it to the Ortho Evra® MDL. Courts have consistently ruled that such collusive tactics are not to be recognized. *See e.g. Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593 (9th Cir. 1996) (noting there is no more reason for federal courts to countenance destruction of jurisdiction by the use of straw parties than there is for them to countenance the creation of jurisdiction in that manner); *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990), *citing* American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Official Draft, at 169 (1969) ("Removal based on diversity of citizenship is a right conferred by Congress, the need for which 'may well be greatest when the plaintiff tries hardest to defeat it.'").

    d. <u>Citizenship of Doe Defendants</u>. Pursuant to 28 U.S.C. Section 1441(a), for purposes of removal, the citizenship of defendants Does 1-500 must be disregarded because plaintiffs sued those defendants under fictitious names.

### REMOVAL TIMELY FILED

3. Service was made on the registered agent for service of process of OMP, now known as OMJPI, on January 29, 2008. (Buonaiuto Dec. ¶ 3.) McKesson was served, via its registered agent, on January 30, 2008. (*Id.* ¶ 4.) Therefore, this Removal was timely filed within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

### CONSENT TO REMOVAL

4. The only other named defendant, McKesson, was fraudulently joined, and

its consent is therefore not required for removal; notwithstanding, McKesson consents to the removal by OMP, now known as OMJPI, of this action to this Court. (Buonaiuto Dec. ¶ 4.)

### STATE COURT WITHIN THE COURT'S JURISDICTION

5. The San Francisco County, California Superior Court, from which OMP, now known as OMJPI, removes this action, is within this Court's jurisdiction.

### STATE COURT PLEADINGS

6. Copies of the state court pleadings known to OMP, now known as OMJPI, to have been filed in this action are collectively attached to the Buonaiuto Dec. as Exhibit A.

### FILING AND SERVICE OF NOTICE OF REMOVAL AND REMOVAL

7. OMP, now known as OMJPI, will file a notice of the filing of this Notice of Removal and Removal in the San Francisco County Superior Court and will serve plaintiffs' counsel with a copy. (Buonaiuto Dec. ¶ 5.)

WHEREFORE, OMP, now known as OMJPI, hereby removes to this Court San Francisco County Superior Court Case No. CGC-07-467829.

Dated: February 7, 2008

DRINKER BIDDLE & REATH

*[signature: Brenda Buonaiuto]*

CHARLES F. PREUSS
BRENDA N. BUONAIUTO
Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL, INC., now known as ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC., and MCKESSON CORPORATION

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

CHARLES F. PREUSS (State Bar No. 45783)
BRENDA N. BUONAIUTO (State Bar No. 173919)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL, INC., now known as ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC.,
and MCKESSON CORPORATION

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

FEB 0 8 2008

GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
        Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

KATHLEEN ANDERSON, an individual; MARY RUTH BAYGENTS, an individual; LATOYA DUNLAP, an individual; JANE ENGLAND, an individual; ANQUARLA HADLEY, an individual; RHONDAGAIL HOWARD, an individual; MELISSA ISON, an individual; DOLORES KICHCART, an individual; JUNE MCKENZIE, an individual; SHERKIA MELLERSON, an individual; CHERI THORNHILL, an individual; KATHRYN TRUSLOW, an individual;

Plaintiffs,

v.

ORTHO-MCNEIL PHARMACEUTICAL, INC., a Delaware Corporation; MCKESSON CORP. and DOES 1-500, inclusive,

Defendants.

Case No. CGC-07-467829

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**

**TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Ortho-McNeil Pharmaceutical, Inc., now known as Ortho-McNeil-Janssen Pharmaceuticals, Inc., removed the above-entitled action to the United States District Court for the Northern District of California, on February 8, 2008. A true and correct copy of the Notice of Removal and Removal and all

NOTICE OF REMOVAL TO FEDERAL COURT                                                CASE NO. CGC-07-467829

1  related papers are attached collectively to this Notice as Exhibit A.

2

3

Dated: February 7, 2008                           DRINKER BIDDLE & REATH

4

5                                                  *[signature]*

                                                   CHARLES F. PREUSS
6                                                  BRENDA N. BUONAIUTO
                                                   Attorneys for Defendants
7                                                  ORTHO-MCNEIL PHARMACEUTICAL,
8                                                  INC., now known as ORTHO-MCNEIL-
                                                   JANSSEN PHARMACEUTICALS, INC.,
9                                                  and MCKESSON CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

395171

1

NOTICE OF REMOVAL TO FEDERAL COURT                              CASE NO. CGC-07-467829

# CERTIFICATE OF SERVICE

I, GLORIA CADENA, declare that:

I am at least 18 years of age, and not a party to the above-entitled action. My business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105, Telephone: (415) 591-7500.

On February 8, 2008, I caused to be served the following document(s):

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441(b) [DIVERSITY]**

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as follows:

☐ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposed with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed, and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a messenger service by hand to the address(es) listed below:

☑ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a Federal Express envelope, addressed as follows:

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile transmission and mail as indicated above.

Shawn Khorrami, Esq.
KHORRAMI, POLLARD & ABIR, LLP
444 S. Flower Street
Thirty-Third Floor
Los Angeles, CA 90071
Telephone: (213) 596-6000
Attorneys for Plaintiffs

Brian Kabateck, Esq.
KABATECK BROWN KELLNER, LLP
644 South Figueroa Street
Los Angeles, CA 90071
Telephone: (213) 217-5000
Attorneys for Plaintiffs

1
2  Michael S. Burg, Esq.
   BURG SIMPSON ELDREDGE HERSH
3  JARDINE PC
   40 Inverness Drive East
4  Denver, CO 80112
   Telephone: (303) 792-5595
5  Attorneys for Plaintiffs

6      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

7      Executed on February 8, 2008 at San Francisco, California.

8
9
10                        GLORIA CADENA
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\394933\1

2
CERTIFICATE OF SERVICE